IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WENDY D. YOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00426-CV-W-ODS |
| ) | |
| 16TH CIRCUIT COURT OF ) | |
| JACKSON COUNTY, MO, ) | |
| ) | |
| Defendant. ) | |

### ORDER (1) DENYING APPLICATION FOR LEAVE TO FILE ACTION WITHOUT PAYMENT OF FEES, (2) DENYING MOTION TO AMEND, AND (3) DISMISSING MATTER WITHOUT PREJUDICE

Pending are Plaintiff's Application for Leave to File Action Without Payment of Fees (Doc. #1) and Plaintiff's Motion to Amend Complaint (Doc. #3). For the following reasons, Plaintiff's motions are denied, and this matter is dismissed.

By moving to proceed *in forma pauperis*, Plaintiff subjects her complaint to review under the standards set by 28 U.S.C. § 1915(e)(2)(B). Assuming for the sake of argument that Plaintiff qualifies by economic status, the Court must review the complaint to ensure it is not frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also review the complaint to confirm it has jurisdiction because federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). In reviewing a pro se complaint under section 1915(e)(2)(B), the Court must give the complaint the benefit of liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Plaintiff's proposed complaint names the Circuit Court of Jackson County as Defendant. Doc. #1-1. In stating the basis for the Court's jurisdiction, Plaintiff checked the box indicating the suit involves a federal question, and states, "judicial review." *Id.* Plaintiff alleges Jackson County Circuit Court judges lack proper credentials, have

received political contributions, and denied the rights of children to be heard in cases against their fathers. Doc. #1-2, at 1. Plaintiff asks this Court to release the individuals convicted by Jackson County Circuit Court judges and expunge their records because they were "wrongfully convicted by a fraud." *Id.* She also argues "the judicial commission should represent the county demographically more to female and racially/ethnically diverse as is our county." *Id.* at 6-7. Finally, Plaintiff argues voters should know "who has influenced the hiring decisions of the committee." *Id.*

Also pending is Plaintiff's motion to amend her complaint. Doc. #3. Therein, she contends the governor needs to reinstate his judicial selection process and provide Judge Stockdale with protection until law and order is restored within the Independence, Missouri Police Department. Doc. #3. Courts may deny motions to amend when there "are compelling reasons such as ... futility of the amendment." *Reuter v. Jax Ltd.,* 711 F.3d 918, 922 (8th Cir.2013). Claims that are frivolous are futile. *Id.*; *See* Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). Plaintiff cites no legal basis or authority for her proposed amendments, and the Court is aware of none. Therefore, her proposed amendment is futile. For this reason, Plaintiff's motion to amend is denied.

The Court finds Plaintiff's case must be dismissed as frivolous and because it fails to state a claim. To the extent Plaintiff is attempting to appeal decisions issued by the Circuit Court of Jackson County, Missouri, this Court does not have jurisdiction to hear those claims. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996) (stating federal courts "lack subject matter jurisdiction to engage in appellate review of state court decisions"). Plaintiff's Complaint identifies federal question as the basis of the Court's jurisdiction. But Plaintiff fails to identify any federal (or other) authority to support her claim, and the Court is aware of none. Doc. #1-1, at 3. Therefore, Plaintiff's application for leave to proceed with her lawsuit without payment of fees must be denied. The Court denies Plaintiff's motions and dismisses this matter.

The Clerk of the Court is directed to mail a copy of this order via certified mail, return receipt requested, and regular U.S. mail, postage prepaid, to the following:

>Wendy D. Yohn
>General Delivery
>Independence, Missouri 64050

IT IS SO ORDERED.

  DATE:  July 15, 2019
                                     <u>/s/ Ortrie D. Smith</u>
                                     ORTRIE D. SMITH, SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT